IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT R. PARKER, JR.**,<br><br>        Plaintiff,<br><br>v.<br><br>**JOHN L. BARLOW**, in his individual and representative capacity, **PAULA A. BARRAN**, in her individual and representative capacity, **JOHN D. BURNS**, in his individual and representative capacity, **MILLER, NASH, GRAHAM and DUNN** (p/k/a MILLER, NASH, LLP and MILLER, NASH, WIENER, HAGAR & CARLSEN, LLP), **EXXON MOBIL, CORPORATION, TEXACO, INC., ATLANTIC RICHFIELD COMPANY (ARCO), UNION OIL COMPANY OF CALIFORNIA (UNOCAL), SHELL OIL COMPANY** aka **SHELL USA, INC., CHEVRON INDUSTRIES, INC., JOHN AND JANE DOES, 1-5**,<br><br>        Defendants. | Case No. 3:22-cv-01959-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT EXXON MOBILE CORPORATIONS' MOTION FOR JOINDER, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S FIRST MOTION TO VACATE PRE-FILING REVIEW ORDER** |

**IMMERGUT, District Judge.**

PAGE 1 – OPINION AND ORDER

This matter comes before this Court on multiple motions: Defendants John L. Barlow and Paula A. Barran's Motion to Dismiss, ECF 8, Defendant Exxon Mobile Corporation's ("Exxon") Motion for Joinder in Barlow and Barron's Motion to Dismiss, ECF 29, and Plaintiff's First Motion to Vacate Pre-Filing Review Order, ECF 14. At the outset, this Court GRANTS Defendant Exxon's Motion for Joinder. This Court also notes that all other Defendants in this action, except for the unnamed John and Jane Doe Defendants, have filed notices of joinder incorporating the points and authorities raised in Defendants Barlow and Barran's Motion to Dismiss. *See* ECF 24; ECF 28; ECF 30; ECF 34. Based on Defendants' joinder notices, this Court considers the arguments raised in Defendant Barlow and Barran's Motion to Dismiss as adopted by all Defendants as those arguments apply to each Defendant. This Court will subsequently refer to Defendant Barlow and Barran's motion as Defendants' Motion to Dismiss. Also at the outset, this Court notes that Plaintiff filed a Sur-Reply in response to Defendants' Motion to Dismiss without seeking leave of Court. ECF 18. Plaintiff's Sur-Reply is hereby STRICKEN from the record and will not be considered by this Court. L-R 7-1(e) (instructing that "[u]nless directed by the Court, no further briefing is allowed" beyond a response and a reply). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's First Motion to Vacate Pre-Filing Order is DENIED as moot.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). In

PAGE 2 – OPINION AND ORDER

evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## BACKGROUND

The following factual allegations are taken from Plaintiff's First Amended Complaint as well as publicly filed court documents from Plaintiff's prior lawsuits. ECF 7.[1] In 1987, Defendants Barlow and Barran, who served as members of the Oregon State Bar Board of Bar Examiners, along with Defendant Burns, who was a partner at the law firm Miller Nash Graham & Dunn LLP ("Miller Nash LLP") and a legislative lobbyist for various oil companies, "caused the initiation of a joint public corruption investigation" into Plaintiff. *Id.* at ¶ 20. The investigation into Plaintiff was conducted by the Oregon Attorney General's Office and the Oregon State Police, *id.*, and led to additional investigations by the Oregon Government Ethics Commission and the Marion County District Attorney's office. *Id.* at ¶ 22. Plaintiff alleges that Defendants initiated these investigations because, in 1987, Plaintiff was serving as the Committee Administrator for the Oregon Senate's Business, Housing, and Finance Committee. *Id.* at ¶ 24. During the 1987 Legislative Session, a senate bill ("SB 664") was referred to the Committee and was opposed by various oil companies, including Exxon, Texaco, Inc., Atlantic Richfield Co., Union Oil Co. of California, Shell Oil Co., and Chevron Industries, Inc., who have

---

[1] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is typically limited to reviewing only the contents of a plaintiff's complaint. Fed. R. Civ. P. 12(d). Courts may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). Matters of judicial notice include matters of public record. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Each of the documents attached to the declaration in support of Defendants' Motion to Dismiss are publicly filed court documents from Plaintiff's prior lawsuits, including complaints filed by Plaintiff, a docket, a memorandum filed in support of a motion to dismiss and motion for sanctions, and an order issued by the U.S. District Court Judge Anna Brown. *See* ECF 9-1, Ex. A, ECF 9-2, Ex. B, ECF 9-3, Ex. C, ECF 9-4, Ex. D, ECF 9-5, Ex. E, ECF 9-6, Ex. F. This Court also notes that Plaintiff neither disputes the contents nor the authenticity of these documents. This Court therefore takes judicial notice of these documents and has incorporated them into the factual background of this case.

all been named as defendants in this action ("Oil Company Defendants"). *Id.* at ¶ 13. Plaintiff alleges that the Oil Company Defendants were represented by Miller Nash LLP, who is also named as a defendant in this action, *id.* at ¶ 23, and that, together, Defendants launched a fraudulent investigation into Plaintiff as part of a conspiracy "to derail passage of SB 664," *id.* at ¶ 24.

In May of 1988, Plaintiff filed his first lawsuit in Multnomah County Circuit Court, *Parker v. Chevron Industries, et al.*, Civ. No. A88-05-02842, challenging the 1987 investigations. ECF 9 at ¶¶ 2–3; ECF 9-1, Ex. A at 1; ECF 9-2, Ex. B at 8.[2] Plaintiff sued numerous defendants including the following who are named as defendants in the present action: Defendant Burns, Defendant Miller Nash LLP, and the Oil Company Defendants. ECF 9-1, Ex. A at 1. Plaintiff brought a myriad of claims including each one of the claims that are brought in the present action, except that Plaintiff's racketeering claim was brought under Oregon RICO, rather than the federal RICO statute. *Id.* Plaintiff voluntarily dismissed the action, judgment was entered for the defendants, and sanctions were imposed against Plaintiff. ECF 9-2, Ex. B at 11–12; ECF 9-6, Ex. F at 8–9. Plaintiff later appealed this action unsuccessfully. ECF 9-2, Ex. B at 12; ECF 9-6, Ex. F at 9.

In September of 1988, Plaintiff filed a second case, *Parker v. Kitzhaber et al.*, Case No. CV 88-1089-FR, arising from these same facts—this time in federal court in this District. ECF 9 at ¶ 4; ECF 9-3, Ex. C at 1.[3] In this action, Plaintiff brought the exact same claims against the

---

[2] Defendants refer to this case as *Parker v. Chevron Industries, et al.*, but the docket from this case refers to the case as "ROBERT R PARKER Jr VS. JOHN D BURNES." *Compare* ECF 9 at ¶¶ 2–3 *with* ECF 9-2, Ex. B at 1.

[3] Defendants refer to this case as Case No. CV 88-1089-FR, but the case number found on the Complaint is Case No. CV 88-1089-JU. *Compare* ECF 9 at ¶ 4 *with* ECF 9- 3, Ex. C at 1. Plaintiff's case was originally assigned to Magistrate Judge Juba. ECF 9-6, Ex. F at 9. After Judge Juba ruled on Defendants' various motions to dismiss, many of which were based on the

PAGE 5 – OPINION AND ORDER

exact same defendants as in his state court action. *Compare* ECF 9-1, Ex. A at 1 *with* ECF 9-3, Ex. C at 1. After many of the defendants' motions to dismiss were granted, Plaintiff contacted Defendant Barran regarding settlement. ECF 9-6, Ex. F at 10. Defendant Barran prepared a settlement agreement, and the parties agreed to settle Plaintiff's remaining claims—Plaintiff signed a release of claims, and a judgment dismissing the case with prejudice was entered. *Id*. Plaintiff later attempted unsuccessfully to appeal this action in 1990 and again in 1995. *Id.* at 10–11.

In 1990, Plaintiff filed a third case, *Parker v. Reynolds, et al.*, Case No. CV 90-356-PA, in this District also pertaining to these same facts. ECF 9 at ¶ 5; ECF 9-6, Ex. F. at 11–12.[4] Plaintiff again brought claims under 42 USC §§ 1981 and 1983 as well as a tortious interference claim—each of these claims is brought again in the present action. ECF 9-6, Ex. F. at 12. The case was dismissed based on the prior settlement and on the merits, and Plaintiff again unsuccessfully appealed this action to the Ninth Circuit. *Id.*

In 1990, Plaintiff took and passed the Oregon State Bar Examination. ECF 7 at ¶ 17. Plaintiff alleges that, as a result of the 1987 investigations into Plaintiff, the Board of Bar Examiners conducted a "full board investigation into Plaintiff's character and fitness." *Id.* at

---

running of the statute of limitations, but granted Plaintiff leave to amend, Plaintiff moved to recuse Judge Juba. *Id*. Judge Juba granted Plaintiff's motion, and the case was reassigned to U.S. District Court Judge Helen Frye. *Id*.

[4] Due to the age of the public records at issue in this case, the parties have not been able to supply this Court with complaints from each of Plaintiff's prior lawsuits. Specifically, Defendants represent that they have not been able to locate the complaints from *Parker v. Reynolds, et al.*, Case No. CV 90-356-PA, *Parker v. Oregon Government Ethics Comm.*, Case No. CV 93-26-JO, or *First Insurance, Inc. v. Texaco, et al*, Case No. CV 97-3903-CBM. *See* ECF 9 at ¶¶ 5–6. However, this Court has taken judicial notice of a motion to dismiss and motion for sanctions that was filed in Parker's sixth lawsuit, *Parker v. Kitzhaber et al.*, Case No. CV 99-707-AS, which provides a thorough summary of Plaintiff's prior lawsuits. ECF 9-6, Ex. F.

¶ 22. The Board of Bar Examiners ultimately recommended that the Oregon Supreme Court deny Plaintiff's application for admission to the Oregon bar, *id.*, and Plaintiff was denied admission to the bar, *id.* at ¶ 25.[5]

In 1993, Plaintiff brought a fourth lawsuit, *Parker v. Oregon Government Ethics Comm.*, Case No. CV 93-26-JO, in this District. ECF 9 at ¶ 6; ECF 9-6, Ex. F at 12–13. Plaintiff again brought claims under 42 U.S.C. §§ 1981 and 1983 related to the 1987 investigations against him. ECF 9-6, Ex. F at 13. This case was dismissed for lack of jurisdiction. *Id.* In 1997, Plaintiff brought a fifth lawsuit—this time, Plaintiff attempted to sue the Oil Company Defendants through his company, First Insurance, Inc., in federal court in California. *Id*. In this case, *First Insurance, Inc. v. Texaco, et al*, Case No. CV 97-3903-CBM, Plaintiff alleged tortious interference, fraudulent concealment, and conspiracy. *Id.* at 13–14. The case was dismissed based on claim and issue preclusion. *Id.* at 14. Plaintiff again unsuccessfully appealed to the Ninth Circuit. *Id.*

In 1999, Plaintiff brought a sixth lawsuit, *Parker v. Kitzhaber et al.*, Case No. CV-99-707-AS, in this District. ECF 9 at ¶ 7; ECF 9-4, Ex. D at 1. Plaintiff again brought numerous claims related to the 1987 investigations against him, including claims under 42 U.S.C. §§ 1981 and 1983. ECF 9-4, Ex. D at 1. The defendants in the 1999 action include each of the Defendants

---

[5] This Court notes that Plaintiff's First Amended Complaint does not explicitly state when Plaintiff was denied admission to the bar. However, Plaintiff alleges that he took and passed the Oregon bar examination in 1990, ECF 7 at ¶ 17, and repeatedly alleges that he was damaged for over thirty years based on his denial of admission to the bar until he was ultimately admitted to the bar on December 23, 2021, *id.* at ¶¶ 15, 16, 36, 63. In the absence of any facts pled to the contrary, this Court presumes that Plaintiff was denied admission to the bar shortly after passing the Oregon bar examination in 1990. Indeed, his denial of admission must have taken place sometime in the 1990s as he raises allegations pertaining to his exclusion from the Oregon bar in his Complaint for his sixth lawsuit, which was brought in 1999. ECF 9-4, Ex. D at ¶ 29.

PAGE 7 – OPINION AND ORDER

named in the present case. *Id.* This case was dismissed with prejudice, and due to Plaintiff's "numerous and repetitive filings," the Honorable Judge Anna Brown entered a Pre-Filing Review Order on May 3, 2000. ECF 9 at ¶ 8; ECF 9-5, Ex. E at 2. The Pre-Filing Review Order prohibited Plaintiff, or any companies wholly owned by Plaintiff, from filing any further actions arising out of the same facts. ECF 9-5, Ex. E. at 2.

Over twenty years later, in 2021, through the assistance of pro bono counsel, Plaintiff petitioned the Oregon Supreme Court for reconsideration of its decision denying Plaintiff admission to the Oregon bar. ECF 7 at ¶ 27. Also in 2021, the Oregon Legislature passed Senate Concurrent Resolution 22 ("SCR 22") during the 2021 Regular Session. *Id.* at ¶ 28.[6] In SCR 22, the Oregon Senate issued a formal apology to Plaintiff for the role that "racism and discrimination" played in the ultimately unfounded investigations against Plaintiff and for the "[thirty-one] years of damage wrongfully done" to Plaintiff. *Id.* at ¶ 28; *see also id.* at Ex. A. at 1, 3.[7] SCR 22 requested that the Oregon Supreme Court vacate its initial decision denying Plaintiff's admission to the bar and order Plaintiff's admission. *Id.* at Ex. A at 3. On December 23, 2021, the Oregon Supreme Court admitted Plaintiff to the Oregon bar. *Id.* at ¶ 29; *see also id.* at Ex. B.

On December 20, 2022, notwithstanding the continued existence of the Pre-Filing Review Order, Plaintiff, who is representing himself, filed the above-captioned case. ECF 1.

---

[6] It is not clear from Plaintiff's Complaint, or from the parties' briefing, whether Plaintiff petitioned the Oregon Senate to pass SCR 22 or how the passage of SCR 22 otherwise came about.

[7] Plaintiff attached SCR 22 as an exhibit to his First Amended Complaint. ECF 7, Ex. A. As addressed above, on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may consider documents attached to the complaint and documents incorporated by reference in the complaint. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).

PAGE 8 – OPINION AND ORDER

Plaintiff has since moved to vacate the Pre-Filing Review Order. ECF 14. On January 4, 2023, Plaintiff filed a First Amended Complaint, raising multiple claims against the following individuals who allegedly played a role in the 1987 investigations: John L. Barlow, then Chairman of the Oregon State Bar Board of Bar Examiners, Paula L. Barran, a then member of the Oregon State Board of Examiners, John D. Burns, a then partner at Miller Nash LLP and legislative lobbyist, Miller Nash LLP, the Oil Company Defendants, and five unnamed defendants. ECF 7 at ¶¶ 2–12. Plaintiff brings the following claims: (1) defamation; (2) violation of 42 U.S.C. § 1981; (3) violation of 42 U.S.C. § 1983; (4) RICO violations; (5) RICO conspiracy; and (6) tortious interference. *Id.* at ¶¶ 31–63. Plaintiff also claims that "the evidence of defendant[s'] insidious actions and fraudulent concealment of relevant documentation was suppressed and kept hidden from the Plaintiff and his counsel for over thirty years." *Id.* at ¶ 26. Plaintiff alleges that he has suffered damages for over thirty years, including being denied admission to other states' bars. *Id.* at ¶ 27. Plaintiff is seeking 35 million dollars for each of his six claims and "triple" damages with respect to each of his RICO claims for a total of over 350 million dollars. *Id.* at 17.

On January 13, 2023, Defendants moved to dismiss this case on the following bases: (1) there is a standing Order from the Court that no case such as this be filed; (2) Defendants Barlow and Barran are judicially immune; (3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; (4) the statute of limitations on all claims has long since expired; and (5) the state law claims may not be maintained in this Court due to lack of jurisdiction under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). ECF 8 at 2. This Court will first address the threshold issue of statute of limitations.

PAGE 9 – OPINION AND ORDER

**A. Statute of Limitations**

If a claim's accrual under the applicable statute is apparent on the face of a plaintiff's complaint, a defendant may raise a statute of limitations defense on a motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). This Court finds that it is apparent on the face of Plaintiff's First Amended Complaint that each of Plaintiff's federal claims is barred by the relevant statute of limitations. Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

    **1. Plaintiff's Federal Claims: 42 U.S.C. § 1981, 42 U.S.C. § 1983, and RICO Claims**

Many federal statutes do not expressly provide statutes of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). However, the Supreme Court and the Ninth Circuit have provided guidance as to the statute of limitations for each of Plaintiff's claims.

While 42 U.S.C. § 1981 does not contain a statute of limitations, Congress has enacted a catchall four-year statute of limitations for actions arising under federal statutes passed after December 1, 1990. *Jones*, 541 U.S. at 371; *see also* 28 U.S.C. § 1658(a). The Supreme Court instructed that all claims brought under Section 1981 are governed by the federal catchall four-year statute of limitations. *Jones*, 541 U.S. at 383.

42 U.S.C. § 1983 also does not provide an explicit statute of limitations. However, the Ninth Circuit has instructed that claims brought under Section 1983 borrow the forum state's statute of limitations for personal injury claims. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under Oregon law, a plaintiff must file claims of personal injury within two years from the date when the injury is first discovered or should have been discovered. O.R.S. 12.110(1); *see also Rathke v. Or. Health Scis. Univ.*, 115 Or. App. 195, 199 (1992).

PAGE 10 – OPINION AND ORDER

Like 42 U.S.C. §§ 1981 and 1983, the civil RICO statute does not provide an express statute of limitations. But unlike claims brought under Section 1983, the Supreme Court has instructed that RICO claims should borrow from the Clayton's Act's statute of limitations, rather than from state law, because the Clayton Act "offers the closest analogy to civil RICO." *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 150 (1987). Therefore, the statute of limitations for civil RICO claims is four years. *Id.* at 156.

Each of Plaintiff's federal claims are barred by the statute of limitations. Plaintiff's allegations all stem from the 1987 public corruption investigations into Plaintiff and his subsequent denial of admission to the Oregon State Bar. Indeed, Plaintiff repeatedly states that he has suffered damages as a result of Defendants' conduct for over thirty years. Plaintiff's bare recitation of the elements of his federal claims contain no facts from which this Court could find that any events relevant to this lawsuit occurred within the last four years. Moreover, Plaintiff cannot argue that he did not discover his injury until within the statute of limitations period as he filed his first of six prior lawsuits pertaining to these same facts in 1988. Because Plaintiff's federal claims are barred by the statute of limitations, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Even if this Court were inclined to exercise supplemental jurisdiction over Plaintiff's defamation and tortious interference claims, they too would be barred by the statute of limitations. Under Oregon law, a claim for defamation must be filed within one year of the date that the defamatory statement is made—the statute of limitation begins to run from the date of

PAGE 11 – OPINION AND ORDER

the publication of the defamatory statement. O.R.S. 12.120(2); *Goodman-Herron v. Advanced Nav. & Positioning Corp.*, 940 F. Supp. 281, 284 (D. Or. 1996). And a claim for tortious interference must be filed within two years. O.R.S. 12.110(1) (providing the statute of limitations for torts); *see also Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 204 (1978) (defining the elements of the tort of tortious interference). Accordingly, both of Plaintiff's state law claims would also be barred by the statute of limitations.

### 2. Tolling of Statute of Limitations

Plaintiff raises three arguments in response to Defendants' Motion to Dismiss as to why his claims should not be barred by the statute of limitations: (1) the statute of limitations was tolled by the Pre-Filing Review Order issued in this District against Plaintiff; (2) SCR 22 renewed the statute of limitations in 2021; and (3) the statute of limitations was tolled due to Defendants' fraudulent concealment. ECF 13 at 9–10.

#### a. Tolling Based on Pre-Filing Review Order

First, Plaintiff argues that the statutes of limitations for his claims has been tolled due to the Pre-Filing Review Order entered by Judge Brown in 2000 and that is still currently in place in this District. ECF 13 at 9–10. Because Plaintiff had previously filed four actions in this District based on the same facts, Judge Brown entered a Pre-Filing Review Order prohibiting Plaintiff from filing any further actions arising out of the same facts. ECF 9-5, Ex. E at 2.

This Court need not decide whether the Pre-Filing Review Order tolled the statute of limitations in this case because the statute of limitations expired long before the entry of the order in 2000. As discussed above, the events that give rise to Plaintiff's claims occurred in the late 1980s and early 1990s. The longest statute of limitations for Plaintiff's present claims is the four-year statutes of limitations for Plaintiff's Section 1981 and RICO claims. Plaintiff's claims would have been long barred by the statute of limitations in 2000 when the Pre-Filing Review

PAGE 12 – OPINION AND ORDER

Order was entered. Therefore, the existence of the Pre-Filing Review Order does not provide a basis for this Court to now find Plaintiff's claims timely.

### b. Tolling Based on the Passage of SCR 22

Plaintiff also seems to argue that the statutes of limitations for his claims should have begun—or should have been renewed—in 2021 when the Oregon Senate passed SCR 22. ECF 13 at 9–10. Plaintiff argues that Oregon Supreme Court's holding in *Stevens v. Bispham*, 316 Or. 221 (1993) should apply to this case. In *Stevens*, the Court held that, for a criminal defendant seeking to bring a legal malpractice claim against his trial counsel, the statute of limitations does not begin to run until the criminal defendant has been exonerated of the criminal offense. *Id.* at 237. The *Stevens* Court provided two primary reasons for adopting this rule: (1) "counsel's obligations in this specialized area of the law are matters of constitutional import that have been the subject of many decisions both by [the Oregon Supreme Court] and the Supreme Court of the United States . . .[and] extensive statutory provisions already in place for the protection of convicted offenders"; and (2) "[t]he panoply of protections accorded to the criminally accused . . . is so inclusive, and the significance of a conviction so important to vindication of the rule of law, that it would appear most unusual to permit a person to prosecute a legal malpractice action . . . at the same time that the person's conviction remained valid . . . ." *Id.* at 231–32.

Citing to this reasoning, the Oregon Supreme Court has declined to extend *Stevens* to legal malpractice claims filed against post-conviction counsel. *Drollinger v. Mallon*, 350 Or. 652, 665–66 (2011). And in *Cannon v. Oregon Department of Justice*, the Oregon Court of Appeals explained that *Stevens* has not been extended because there is a "significant distinction" between the criminal and civil contexts. 288 Or. App. 793, 804 (2017). Unlike a criminal trial or direct appeal, there can "be no 'exoneration' from the effects of post-conviction counsel's inadequacy." *Id.* at 804.

PAGE 13 – OPINION AND ORDER

Plaintiff argues that SCR 22 is analogous to an exoneration and therefore the statute of limitations on his claims did not begin running until the Oregon Senate passed SCR 22. However, Plaintiff cites to no case law, and this Court is aware of none, to support his argument that the principle articulated in *Stevens* applies to the types of claims Plaintiff has raised in this case. Indeed, the *Stevens* Court pointed to the unique features of the *criminal* trial process in explaining the Court's holding, and Oregon courts have expressly declined to extend this holding outside of the context of legal malpractice suits pertaining to criminal trials and their direct appeals.[8] SCR 22 is not an exoneration of a criminal conviction and does not have the force of law. Absent any legal authority to the contrary, this Court finds that SCR 22 did not have the effect of tolling or otherwise renewing the statute of limitations on Plaintiff's claims.

### c. Tolling Based on Fraudulent Concealment

Finally, Plaintiff alleges that Defendants have, for over thirty years, "intentionally concealed, covered up[,] and otherwise fraudulently suppressed evidence of their misconduct." ECF 7 at ¶ 15. Plaintiff argues that his claims are viable because the statute of limitations does not run when the defendants engage in conduct that conceals a potential cause of action. ECF 12 at 10 (citing *MAT, Inc. v. Am. Tower Asset Sub, LLC*, 312 Or. App. 7 (2021)).

The federal common law doctrine of equitable estoppel tolls the statute of limitations when a defendant "takes active steps to prevent the plaintiff from suing in time." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002); *see also Lukovsky v. City & Cnty. of San*

---

[8] Moreover, even if Plaintiff tried to argue that he could not have been aware of Defendants' potential liability until the Oregon Senate admitted wrongdoing in 2021, the discovery rule does not delay accrual until a plaintiff has knowledge of legal fault. *United States v. Kubrick*, 444 U.S. 111, 125 (1979); *Tunac v. United States*, 897 F.3d 1197, 1206–07 (9th Cir. 2018). Oregon courts have also repeatedly held that the statute of limitations is not tolled because a plaintiff is not aware of the full extent of his damages. *See, e.g.*, *Indus. Plating Co. v. North*, 175 Or. 351, 354 (1944).

PAGE 14 – OPINION AND ORDER

*Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). This doctrine, sometimes referred to as "fraudulent concealment," requires showing (1) that the defendant used fraudulent means to keep the plaintiff unaware of his cause of action and (2) that the plaintiff was, in fact, ignorant of the existence of his cause of action. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012). Similarly, under Oregon law, a party claiming tolling based on fraudulent concealment must show both (1) fraudulent concealment on the part of the defendants and (2) "notwithstanding reasonable diligence on the part of the [plaintiff], the [defendant's] wrongful conduct prevented the discovery of the [cause of action]." *MAT, Inc.*, 312 Or. App. at 16. Plaintiff has made bare assertions that Defendants concealed their alleged misconduct for over thirty years but fails to allege any specific facts to support these claims. Moreover, this Court cannot conclude that Plaintiff was ignorant of the existence of his cause of action as Plaintiff has litigated his claims numerous times, including bringing each of the claims that are brought in the present action in his very first lawsuit in 1988.[9] This Court therefore finds that no tolling doctrine applies, and Plaintiff's claims are time-barred as a matter of law. Because amendment to Plaintiff's pleading would be insufficient to cure its patent untimeliness, Defendants are entitled to dismissal of this case with prejudice.

---

[9] This Court also notes the separate federal common law doctrine of equitable tolling, which applies when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000); *see also Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008). The Ninth Circuit has instructed that the threshold to trigger tolling is "very high, lest the exceptions swallow the rule." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). Plaintiff does not expressly raise the doctrine of equitable tolling. However, even if Plaintiff argued that this case is timely based on the equitable tolling doctrine, this Court finds that the doctrine does not apply. As with Plaintiffs' fraudulent concealment argument, Plaintiff cannot successfully argue that he was unable to gather the information needed to file this lawsuit as Plaintiff has previously filed six lawsuits based on the same facts.

This Court also notes that to the extent that Plaintiff is seeking to hold Defendants Barlow and Barron, members of the Oregon Board of Bar Examiners, liable for the actions of the board, Defendants Barlow and Barron are entitled to absolute immunity. *Marin v. Hazelton*, 916 F.2d 716 (9th Cir. 1990). The board members "derive their authority from the Oregon Supreme Court" and therefore "enjoy the same immunity as does the Oregon Supreme Court" for their acts in determining eligibility for bar membership. *Id*. Based on the above-stated reasons, this Court finds it unnecessary to address the rest of the bases for Defendants' motion to dismiss, and Plaintiff's case is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Motion to Vacate is DENIED as moot, and the Pre-Filing Review Order remains in effect. This case is DISMISSED with prejudice. Plaintiff is prohibited from filing any further actions arising out of these same facts. This Court will not entertain any motions to vacate or otherwise reconsider this Opinion. Any such motions will be dismissed.

**IT IS SO ORDERED.**

DATED this 31st day of May, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge